IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                         Case No. 17-10168-01-JWB

RICARDO DANIEL RUIZ,

        Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's motion to reduce sentence under 18 U.S.C. § 3582. (Doc. 54.) The motion is fully briefed and is ripe for decision. (Docs. 55, 56.) For the reasons stated herein, the motion to reduce sentence is GRANTED.

**I. Background**

On December 5, 2017, Defendant was charged in a one-count indictment with unlawful possession with intent to distribute approximately 6.8 kilograms of a mixture containing cocaine. (Doc. 2.) On August 21, 2018, Defendant pled guilty to a one-count information charging unlawful interstate travel with intent to distribute controlled substances, in violation of 18 U.S.C. § 1952(a)(3). The offense involved Defendant and another individual driving a vehicle that contained cocaine hidden in it from Texas to Kansas. At sentencing, the court found Defendant's total guideline offense level was 27 and his criminal history category was II (based on three criminal history points). This would have resulted in a guideline range of 78 to 97 months' imprisonment, but the statutory maximum penalty for the offense effectively limited the guideline sentence to 60 months. (Doc. 45 at 16.) The court sentenced Defendant to a term of 60 months

imprisonment (as the parties had jointly requested in their plea agreement) on November 6, 2018, to be followed by a two-year term of supervised release.  (*See* Doc. 48.)

On October 15, 2020, Defendant filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. 54 at 1.)  The motion asserts the following facts, which are not challenged by the government.  Defendant has about 21 months remaining on his 60-month sentence.[1]  He is currently 22 years old; he was 19 at the time of the offense.   He is serving his sentence at FCI La Tuna.  On April 15, 2020, Defendant first reported testicular problems and was prescribed an antibiotic.  After continued pain, Defendant had several follow-up appointments.  Defendant underwent an ultrasound, urological consult, lab work, and tests in May and June.  He developed severe pain in late June, and a July CT scan indicated a suspicious mass and possible lymph node metastatic disease.  On July 21, Defendant underwent surgery to remove a testicle, a biopsy of which showed metastatic embryonic cancer.  On September 10, an oncologist at Texas Oncology, an El Paso cancer treatment center, assessed Defendant with a cancerous testicular tumor and strongly suspected metastatic disease in an abdominal lymph node.  (Doc. 54-1 at 4.)  The doctor ordered a PET scan for current staging evaluation, with a recommendation for three cycles of chemotherapy, to be followed by one to two more cycles if metastatic disease is identified.  (*Id.*)  At a follow-up on September 23, Defendant reported blood in his stools.  The oncologist discussed the need to continue with a PET scan to determine cancer treatment and ordered a GI consult for rectal bleeding.  (*Id.* at 8.)

Defendant asserts, and the government concedes, that he has satisfied the exhaustion requirements of § 3582(c).  (Doc. 55 at 8.)  Defendant's motion argues that a reduction of his sentence to time-served is warranted based on his "aggressive" cancer, his completion of a majority

---

[1] Based on a projected release date of September 16, 2022.  (Doc. 55 at 3.)

of his sentence for a non-violent offense, and the current COVID-19 pandemic.  (Doc. 54 at 8.) Defendant asserts that having cancer increases the risks posed by COVID-19, that immuno-compromised individuals are less able to fight off infection, and that as an inmate he is subject to a significantly elevated risk of contracting COVID-19.  (*Id.*)  Defendant proposes a release plan that would have him move in with his sister in El Paso, Texas.  Defendant's sister allegedly has steady employment, wants Defendant to stay with her, has no criminal history, and will provide Defendant transportation to medical treatments and report any violations to the United States Probation Office.  (*Id.* at 13.)

FCI La Tuna is a low security correctional institution with 575 inmates.  *See* Federal Bureau of Prisons website, https://www.bop.gov/locations/institutions/lat/  (last accessed Dec. 8, 2020.) The BOP reports that FCI La Tuna currently has 119 active COVID-19 cases among inmates, 18 current cases among staff, and has experienced one prior inmate death.  Federal Bureau of Prisons website, COVD-19 Cases, https://www.bop.gov/coronavirus/index.jsp   (last accessed Dec. 8, 2020.)

The government concedes Defendant has established extraordinary and compelling medical reasons under guidelines of the Center for Disease Control (CDC) and/or Department of Justice (DOJ) to allow consideration of his request for compassionate release under § 3582(c)(1)(A).  It opposes the motion, however, based on the factors in 18 U.S.C. § 3553(a).  (Doc. 55 at 15-16.)  It argues the seriousness of the offense, the fact this was not Defendant's first drug offense, that the reduction would be about 40% of the original sentence, and the "significant disciplinary issues" Defendant has had while incarcerated weigh against the request for a reduction.  (*Id.* at 17-20.)

## II.  Legal Standard

3

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act to allow a defendant to file his own motion for release. A defendant may seek early release from prison if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf." *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (citation omitted); see also 18 U.S.C. § 3582(c)(1)(A). This requirement is jurisdictional. *Boyles*, 2020 WL 1819887, at *2. As noted above, the government concedes in the instant case that Defendant has satisfied the exhaustion requirement.

If a defendant satisfies the exhaustion requirement, the court may reduce Defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) ... and a determination has been made ... that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(i-ii). Finally, the court must also ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. There are four categories of extraordinary, compelling circumstances identified in the statement: (1) the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old,

4

is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other extraordinary and compelling reasons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020). *See United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *1–2 (D. Kan. Nov. 4, 2020).

### III. Analysis

Inasmuch as the government concedes Defendant has shown extraordinary and compelling medical reasons to allow consideration of his request for compassionate release and has exhausted administrative remedies, the court will proceed to consider Defendant's circumstances under the sentencing factors in § 3553(a).

The relevant sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; the need for the sentence to afford adequate deterrence and protect the public from further crimes of the defendant; the need for the sentence to provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Defendant was involved in the interstate transportation of more than 6 kilograms of cocaine. That is a serious offense involving a significant quantity of a harmful drug. The offense resulted in a 60-month sentence, of which Defendant has about 21 months remaining. A time-served sentence would thus constitute about a thirty percent reduction in the total sentence. Serving approximately 40 months imprisonment is probably on the low end of what might be considered minimally adequate to reflect the seriousness of the offense, afford adequate deterrence, and provide just punishment. Although the requested reduction might be unreasonable in other circumstances, the court finds it reasonable here, provided an adequate release plan can be arranged. Among the factors that persuade the court that the reduction is both reasonable and warranted is the fact this was Defendant's first and only felony conviction, the offense was non-violent in nature, and Defendant was 19 years old at the time of the offense. Moreover, no firearms were involved and Defendant has no documented history of possessing or using firearms. Defendant also has no prior convictions for violent conduct. His prior criminal history is not extensive and consists of misdemeanors, including two for possession of marijuana.

Defendant has a significant history of substance abuse and addiction that began around age 12. (Doc. 45 at 14.) He also has a significant history of mental health issues dating back to childhood. (*Id.* at 13.) These present serious concerns with respect to Defendant's release, but given Defendant's urgent need for medical care, the court concludes the concerns can be reasonably addressed through conditions of supervised release, including a condition of home confinement. Defendant has demonstrated that he has a life-threatening condition requiring urgent medical care, that he is likely to need extensive chemotherapy, that his continued incarceration would pose a significant risk of contracting COVID-19 (given that approximately twenty percent of inmates at La Tuna currently have COVID-19), and that contracting the disease at this point

could pose a significant danger to Defendant's life if it occurs in the midst of chemotherapy or surgical treatment for cancer. The First Step Act was designed to allow sentence reductions in appropriate circumstances, and the court concludes the current circumstances are sufficiently extraordinary to warrant the reduction.

The government opposes the reduction in large part because of Defendant's disciplinary history in prison. The court has considered that history, which in fact weighs against the reduction, as it raises doubts about Defendant's ability and willingness to comply with conditions of supervision if he is released. For example, the disciplinary infractions include fighting with another inmate (Aug. 2019), disruptive conduct (Jan. 2020), being insolent to staff member (Mar. 2020), disruptive conduct (May 2020), refusing to obey order and being insolent to staff member (May 2020), threatening bodily harm (May 2020), destroying property of $100 or less (June 2020), and refusing to obey an order (July 2020). (Doc. 55-1.) The only glimmer of hope the court can see in this pattern of behavior is that it all occurred prior to Defendant's surgery and cancer diagnosis and has not occurred since. Obviously, if Defendant does not refrain from such conduct while on supervision, he will find himself back in custody in short order. Based on an inference that Defendant is now prepared to take advantage of the extraordinary opportunity an early release will provide to fundamentally change his life as he obtains medical treatment, the court finds his release will not pose a danger to the safety of other persons and the community.

The court's finding is contingent upon establishment of a satisfactory release plan. Defendant's proposed release plan is that Defendant "will move in with his sister, Lizeth [Ruiz], in Texas." (Doc. 54 at 13.) Inasmuch as this would place Defendant in El Paso, Texas, the proposed plan will not be feasible unless the U.S. District Court for the Western District of Texas agrees to accept Defendant for supervision. The court will accordingly stay the effect of this order

and the entry of an amended judgment until it can be determined whether the Western District of Texas will accept supervision. If that district declines to accept supervision, the court will have to revisit this order. *See United States v. Allison*, No. CR16-5207RBL, 2020 WL 3077150, at *4 (W.D. Wash. June 10, 2020) ("An appropriate release plan is essential to ensure that a defendant actually has a safe place to live and access to health care in these difficult times. Shortening a defendant's sentence where there is no adequate release plan offers no benefit to the health of the inmate and in the process likely further endangers the community into which the defendant is release.")

In granting Defendant's motion and placing him on supervised release, the court will, in addition to the conditions previously imposed, impose a condition for home confinement for the two-year period of supervised release, with Defendant required to remain during non-working hours at the residence of his sister, Lizeth Ruiz, or at such other residence as is approved in advance by the U.S. Probation Officer. Given the nature of the offense and Defendant's behavioral history, the court determines these conditions are reasonably related to the need to protect the public, that they involve no greater deprivation of liberty than necessary to serve the purposes of sentencing, and they are consistent with sentencing commission policies.

**IV. Conclusion**

Defendant's motion for sentence reduction (Doc. 54) is GRANTED. Defendant's sentence of imprisonment in this case will be reduced to time served upon establishment of an acceptable release plan, as noted below.

The two-year term of supervised release previously imposed by the court (Doc. 48) remains in effect and will begin immediately upon Defendant's release. All previously imposed terms and

conditions of Defendant's term of supervised release, as set forth in the Judgment filed November 7, 2018, shall remain in effect.

The court imposes the following additional condition for defendant's period of supervised release: Defendant shall be placed on home detention for a period of two (2) years. During this time, defendant shall remain at the residence of his sister Lizeth Ruiz, or at another residence approved through the U.S. Probation Officer in advance, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the court.

This order is hereby stayed for up to fourteen (14) days, to permit establishment of the release plan and to determine whether the U.S. District Court for the Western District will accept supervision of Defendant.

IT IS SO ORDERED this 14th day of December, 2020.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE